UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| SONJA EDDINGS BROWN, ) | |
|     Plaintiff, ) | Case No. 2:24-cv-369-JLB-NPM |
| ) | |
| v. ) | Judge John L. Badalamenti |
| ) | Magistrate Judge Nicholas P. Mizell |
| PARKER J. COLLIER, ) | |
|     Defendants. ) | Jury Trial Demanded |

## ANSWER

Pursuant to Federal Rule of Civil Procedure 12, Defendant Parker J. Collier respectfully answers the Complaint filed by Plaintiff Sonja Eddings Brown ("Brown"). Brown should take nothing. Brown's complaint should be dismissed, and judgment should be entered against Brown, with Brown paying Defendant's attorney's fees and costs.

### Response to Complaint

Brown's allegations are denied unless specifically admitted herein. Below, Defendant addresses each of the Complaint's allegations and raises affirmative defenses.

1. Defendant denies the allegations of Paragraph 1 of the Complaint.

2. Defendant denies the allegations of Paragraph 2 of the Complaint.

3. As to the allegations of Paragraph 3 of the Complaint, Defendants admits that Brown is an individual and, to the best of Defendant's knowledge, is a resident of Utah.

4. As to the allegations of Paragraph 4 of the Complaint, Defendant admits that Defendant is an individual and a resident of Florida.

5. The allegations of paragraph 5 of the Complaint set forth conclusions of law to which no answer is required, so they are deemed denied.

6. The allegations of paragraph 6 of the Complaint set forth conclusions of law to which no answer is required, so they are deemed denied.

7. The allegations of paragraph 7 of the Complaint set forth conclusions of law to which no answer is required, so they are deemed denied.

8. Defendant lacks sufficient information to admit or deny the allegations of paragraph 8 of the Complaint, so they are denied.

9. Defendants denies the allegations of paragraph 9 of the Complaint.

10. As to paragraph 10 of the Complaint: Defendant admits that she is married to Miles Collier and a business owner. Defendant admits that she has no ownership or equity interest in Collier Enterprises. Defendant denies the remaining allegations.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant lacks sufficient information to admit or deny the allegation of paragraph 14 of the Complaint and therefore denies the allegation.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 17 of the Complaint and therefore denies the allegations.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 26 of the Complaint and therefore denies the allegations.

27. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 27 of the Complaint and therefore denies the allegations.

28. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 28 of the Complaint and therefore denies the allegations.

29. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 29 of the Complaint and therefore denies the allegations.

30. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 30 of the Complaint and therefore denies the allegations.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 37 of the Complaint and therefore denies the allegations.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant incorporates her responses to Paragraphs 1-50 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant incorporates her responses to Paragraphs 1-56 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant incorporates her responses to Paragraphs 1-62 of the Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Complaint,

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Complaint.

71. Defendant incorporates her responses to Paragraphs 1-70 of the Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Complaint.

76. Defendant denies the allegations of Paragraph 76 of the Complaint.

77. Defendant denies the allegations of Paragraph 77 of the Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Complaint.

79. To the extent Plaintiff's Prayer for Relief is deemed an allegation requiring a response, Defendant denies the allegation. Plaintiff is not entitled to compensatory damages, punitive damages, costs, or any other relief.

## Affirmative Defenses

80. As her First Affirmative Defense, Defendant raises the affirmative defense of accord and satisfaction.

81. As her Second Affirmative Defense, Defendant raises the affirmative defenses of claim preclusion and issue preclusion.

82. As her Third Affirmative Defense, Defendant raises the affirmative defense of the statute of limitations.

83. As her Fourth Affirmative Defense, Defendant raises the affirmative defense of the doctrine of unclean hands.

84. As her Fifth Affirmative Defense, Defendant raises the affirmative defense of laches.

85. As her Sixth Affirmative Defense, Defendant raises the affirmative defense of waiver.

86. As her Seventh Affirmative Defense, Defendant raises the affirmative defense of bad faith.

87. As her Eighth Affirmative Defense, Defendant raises the affirmative defense of the failure to mitigate damages.

## Demand for Jury Trial

88. Defendant demands a trial by jury on all issues so triable.

## Prayer for Relief

Defendant respectfully request that judgment be entered against Plaintiff on all her claims, with Plaintiff to pay Defendant's attorney's fees and costs, and Plaintiff to take nothing.

Respectfully submitted,

/s/ Thomas E. Scott

THOMAS E. SCOTT (FBN 149100)
COLE, SCOTT & KISSANE P.A.
9150 South Dadeland Blvd, Suite 1400
Miami, Florida 33156
(305) 350-5385

MICHAEL S. NADEL (*pro hac vice* pending)

8

JENNIFER B. ROUTH (*pro hac vice* pending)
AMANDA J. SMITH (*pro hac vice* pending)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Defendant Parker J. Collier

## Certificate of Service

I certify that on May 28, 2024, I filed the foregoing using the CM/EFC system, which will cause a notification to be served by email on all registered users, including counsel for Plaintiff Sonja Eddings Brown listed below:

Olga M. Viera, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133

Crystal Nix-Hines, Esq.
Viola Trebicka, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Brendan Carroll, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

/s/ *Thomas E. Scott*
Thomas E. Scott