**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| Sonja Eddings Brown, | Case No. 2:24-cv-00369-JLB-NPM |
| Plaintiff, | **REDACTED FIRST AMENDED COMPLAINT** |
| v. | |
| Parker J. Collier, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Sonja Eddings Brown ("**Plaintiff**" or "**Brown**"), by and through undersigned counsel, brings the above-captioned action against Defendant Parker J. Collier ("**Defendant**" or "**Mrs. Collier**"), and alleges as follows:

**NATURE OF THE CASE**











## PARTIES, JURISDICTION, AND VENUE

10. Plaintiff Sonja Eddings Brown is an individual and resident of Utah.

11.     Defendant Parker Collier is an individual and resident of Florida.

12.     This Court has jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), because she is a Florida resident and therefore subject to the jurisdiction of a court of general jurisdiction within the State of Florida.

14.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred within this District.

## FACTUAL BACKGROUND

### *Parker Collier and the Collier Family*

15.     For much of the 20th century, Barron Gift Collier I and his family were the largest private landowners in Florida.  In fact, in 1923, the Florida Legislature named Collier County after Barron Collier I.

16.     In 1976, Barron Collier I's grandchildren split up his company and grandsons Miles Collier and Barron Collier II founded Collier Enterprises, Inc. ("**Collier Enterprises**" or "**Company**").  Throughout the years, the Company not only continued to own large swaths of land in Southwest Florida, but it also

amassed a portfolio of real estate holdings and investments across the United States.

17.    The Company owned various related entities, including Collier Development Corporation ("**Collier Development**"), which also amassed real estate holdings nationally.





### *Sonja Brown*

22.    Brown is a veteran government relations specialist and strategic communications expert.  She began her career in media as a television newswoman and network producer for each of the major broadcast networks and as an advertising writer and producer.  Thereafter, Brown became a government and communications strategist for top brands, political campaigns, and family offices.

23.    Given her work ethic and penchant for fair and honest dealings, Brown had tremendous success for decades as a government relations and

8

communications specialist, allowing her to develop an enviable network of personal and professional connections—including at the highest levels of federal and state government.

24.   Brown and Mrs. Collier met at an event in 2010.  They formed a connection based on their shared support of charities for women and public education, developing a friendly relationship with one another.



***Brown's Business Relations with Collier Enterprises***





*Brown's February 2020 Contract with Collier Enterprises*

























81. 

















\*\*\*\*

### FIRST CLAIM FOR RELIEF
### Tortious Interference with a Business Relationship



## SECOND CLAIM FOR RELIEF
### Tortious Interference with a Contract



## THIRD CLAIM FOR RELIEF
### Unjust Enrichment



### FOURTH CLAIM FOR RELIEF
### Quantum Meruit



**FIFTH CLAIM FOR RELIEF**
**Fraudulent Misrepresentation**





**SIXTH CLAIM FOR RELIEF**
**Fraudulent Inducement**



## SEVENTH CLAIM FOR RELIEF
### Fraudulent Concealment



## EIGHTH CLAIM FOR RELIEF
### Negligent Misrepresentation





## NINTH CLAIM FOR RELIEF
### Constructive Fraud



**PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff Sonja Eddings Brown prays for judgment and relief against Defendant Parker Collier on each claim for relief in this Complaint, as follows:

      a. An award of compensatory damages as allowed by law and, as applicable, to be proven at trial;

      b. Punitive damages;

      c. Costs of this action and pre- and post-judgment interest, to the maximum extent provided by law;

      d. Attorneys' fees and costs; *and*

      e. Any other relief that this Court deems just and appropriate.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff respectfully demands a trial by jury of any issues so triable.

Dated: June 25, 2024         */s/ Olga M. Vieira*

**QUINN   EMANUEL   URQUHART   & SULLIVAN LLP**

Olga M. Vieira (Fla. Bar No. 29783)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
olgavieira@quinnemanuel.com

Crystal Nix-Hines (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
crystalnixhines@quinnemanuel.com
violatrebicka@quinnemanuel.com

Brendan Carroll (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
brendancarroll@quinnemanuel.com