UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Sonja Eddings Brown,<br><br>    Plaintiff,<br><br>v.<br><br>Parker J. Collier,<br><br>    Defendant. | Case No. 2:24-cv-00369-JLB-NPM |

**JOINT CASE MANAGEMENT REPORT**

Pursuant to Middle District of Florida Local Rule 3.02(a) and the Court's May 31, 2024 Notice (ECF No. 22), Plaintiff Sonja Eddings Brown ("Plaintiff" or "Brown") and Defendant Parker J. Collier ("Defendant" or "Collier") (together, the "Parties"), by and through undersigned counsel, hereby file this Joint Case Management Report and state as follows:

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The Parties conducted the planning conference via Zoom on July 25, 2024 at 10:00 AM ET. Shane Anthony Grannum and Brendan Carroll attended on Plaintiff's behalf, while Thomas E. Scott, Jr., Michael Nadel, Jennifer Routh, and Amanda Smith attended on Defendant's behalf.

1

2. **Deadlines and Dates**

The Parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/22/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 9/26/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br><br>Affirmative<br>Rebuttal | <br><br><br>2/26/2025<br>4/11/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 6/12/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 7/30/2025 |
| Deadline for participating in mediation.[1] *See* Local Rules, ch. 4. | 5/8/2025* |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 12/19/2025 |

---

[1] The Court's Uniform Case Management Report directs the Parties to enter the name, address, and phone number of the mediator in this section. Pursuant to Local Rule 4.03, the Parties will wait for the Court to decide whether to "designate [a] mediator" or "direct[] the [P]arties to select a mediator" before completing this section. M.D. Fla. Loc. R. 4.03(a).

| | |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 1/9/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 1/30/2026 |
| Month and year of the trial term. | February 2026 |

\* Defendant respectfully requests that the Court not order mediation because Defendant has already engaged in an in-person mediation with Plaintiff, in November 2022 before Judge John W. Thornton (ret.). Plaintiff does not believe that this meeting—which took place a year and a half before she initiated this action—constitutes a mediation for purposes of this case, or that it is relevant to the claims set forth in this action.

The trial will last approximately **ten (10)** days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

This action involves nine (9) claims for relief, including for tortious interference with a business relationship, tortious interference with a contract, unjust enrichment, quantum meruit, fraudulent misrepresentation, fraudulent inducement, fraudulent concealment, negligent misrepresentation, and constructive fraud.

Plaintiff Sonja Eddings Brown, a veteran government relations strategist, alleges that Defendant Parker Collier, a businesswoman and matriarch of a powerful Florida family, made fraudulent misrepresentations to and concealed material facts from Brown as part of an illicit scheme to enrich Defendant and her family.

Defendant intends to move to dismiss most or all of the claims in the First Amended Complaint for failure to state a claim.

4. **Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

4

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

        ☐ Yes.
        ☒ No; instead, the parties agree to these changes: The Parties agree to make all initial, required disclosures under Federal Rule of Civil Procedure 26(a) by the aforementioned, proposed August 22, 2024 deadline for making such disclosures.

    B.  Discovery may be needed on these subjects (subject to change): Defendant's knowledge about contaminated water and polluted land on Collier Enterprises-owned properties, including the Everglades Parcel; Defendant's formal and informal roles in and activities on behalf of Collier Enterprises and related companies; communications between Defendant and Collier Enterprises employees about the promotion and sale of the Everglades Parcel; communications between Defendant and Collier Enterprises about Plaintiff; Defendant's participation in decision-making about terminating Plaintiff's employment; the truth or falsity of Plaintiff's allegations regarding her own history and reputation; Plaintiff's assertions regarding the Everglades Parcel.

    C.  Discovery should be conducted in phases:

        ☒ No.
        ☐ Yes

    D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

        ☒ No, not at this time.
        ☐ Yes

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

DATE: July 30, 2024

    Respectfully submitted,

<u>/s/ Shane Anthony Grannum</u>

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Olga M. Vieira (FBN: 29783)
Shane A. Grannum (FBN: 1055050)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
olgavieira@quinnemanuel.com
shanegrannum@quinnemanuel.com

Crystal Nix-Hines (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
crystalnixhines@quinnemanuel.com
violatrebicka@quinnemanuel.com

Brendan Carroll (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
brendancarroll@quinnemanuel.com

*Counsel for Plaintiff Sonja Eddings Brown*

<u>/s/ Michael S. Nadel</u>

**COLE, SCOTT & KISSANE, PA**

Thomas E. Scott, Jr. (FBN: 149100)
9150 South Dadeland Blvd., Suite 1400
Miami, FL 33156
Telephone: (305) 350-5385
Facsimile: (305) 373-2294
thomas.scott@csklegal.com

**MCDERMOTT WILL & EMERY LLP**

Michael S. Nadel (*pro hac vice*)
Jennifer Butler Routh (*pro hac vice*)
Amanda N. Smith (*pro hac vice*)
500 North Capitol Street, N.W.
Washington, D.C. 20001
Telephone: (202) 756-8000
mnadel@mwe.com
jrouth@mwe.com
asmith@mwe.com

*Counsel for Defendant Parker J. Collier*

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this July 30, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

*/s/ Shane Anthony Grannum*
Fla. Bar No. 1055050
